UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LILIANA MARTINEZ, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | EP-23-CV-00171-DCG-LS |
| SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| *Defendant*. | § | |

## MEMORANDUM ORDER
## ACCEPTING REPORT AND RECOMMENDATION

United States Magistrate Judge Leon Schydlower recommends that this Court dismiss *pro se* Plaintiff Liliana Martinez's claims, with leave to amend, for failure to establish subject-matter jurisdiction.  R. & R., ECF No. 2, at 1–2.  Plaintiff did not object to Judge Schydlower's recommendations.  The Court **ACCEPTS** Judge Schydlower's Report and Recommendation.

### I.   BACKGROUND

On April 27, 2023, Plaintiff filed a Motion to Proceed *In Forma Pauperis*.  *See* Mot. IFP, ECF No. 1.  That same day, this case was automatically referred to Judge Schydlower.  On May 5, 2023, Judge Schydlower issued a Report and Recommendation, in which he recommends this Court dismiss Plaintiff's claims for failure to establish subject-matter jurisdiction.  R. & R. at 1–2.  He also recommends giving Plaintiff leave to amend her complaint.  *Id.* at 2.

As 28 U.S.C. § 636(b)(1)(C) requires, Judge Schydlower notified Plaintiff that she had 14 days from service of the Report and Recommendation to file written objections to it.  *Id.*  Around May 31, 2023, the Court *sua sponte* considered this case and noticed that, at the time, "USPS mailing records indicate[d] . . . that Plaintiff ha[d] not received the Report and Recommendation."  Order Extending Time, ECF No. 5, at 1.  The Court therefore extended

Plaintiff's deadline to object to Judge Schydlower's Report and Recommendation to 14 days after she received the Court's Order Extending Time to File Objections. *Id.* at 2. Plaintiff received the Court's Order Extending Time to File Objections on June 3, 2023, *see* Certified Mail Receipt, ECF No. 8; USPS Tracking, ECF No. 8-1, so her deadline to object to Judge Schydlower's Report and Recommendation expired on June 20, 2023.[1] Plaintiff did not object.

## II.   STANDARD OF REVIEW

When reviewing a Magistrate Judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). Where, as here, no party objects to the report and recommendation, the district court reviews it solely for clear error, an abuse of discretion, or conclusions that are contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *Morales v. Carrillo*, 625 F. Supp. 3d 587, 595 (W.D. Tex. 2022). A report and recommendation is, for example, clearly erroneous when a court "is left with the definite and firm conviction that a mistake has been made." *Fisher v. Lufkin Indus., Inc.*, 847 F.3d 752, 759 (5th Cir. 2017) (quotation omitted).

## III.   THE REPORT AND RECOMMENDATION

Plaintiff alleges that the Social Security Administration did not take her past and present medical history into account when it denied her disability benefits. Compl., ECF No. 3, at 2. She asks that she be allowed to "continue to receive [her] disability benefits" and that the Court "help the Social Security Administration[] reconsider [its] decision." *Id.* She provides little more detail in her Complaint. *See id.*

---

[1] Fourteen days after June 3 is June 17, but June 17, 2023 fell on a Saturday (and there was a federal holiday on Monday, June 19, 2023) so Plaintiff's deadline to file objections expired on June 20, 2023. FED. R. CIV. P. 6(a)(1)(C).

Judge Schydlower concluded that Plaintiff has not pleaded facts sufficient to plausibly show that the Social Security Administration made a final decision in her case, and if it did, when it made that decision and whether that decision followed a hearing.  *See* R. & R. at 1–2. For a federal court to exercise jurisdiction over a plaintiff's appeal of a benefits decision made by the Social Security Administration, the Administration must have made a *final decision after a hearing* on the plaintiff's claims.  *See, e.g.*, 42 U.S.C. § 405(g) (providing that a plaintiff may file a "civil action . . . within sixty days" after the Social Security Administration mails its notice of "any final decision by the Commissioner of Social Security made after a hearing to which [s]he was a party"); *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975) (holding that a final decision by the Commissioner of Social Security is "central to the requisite grant of subject-matter jurisdiction"); *Weeks v. Berryhill*, 694 F. App'x 340, 341 (5th Cir. 2017) ("Jurisdiction is clearly limited to actions that amount to a final decision and made after a hearing." (quotation omitted)).  Because Plaintiff has not pleaded these jurisdictional facts, Judge Schydlower recommends that this Court dismiss Plaintiff's case for lack of subject-matter jurisdiction.

## IV.   CONCLUSION

Having carefully reviewed Judge Schydlower's Report and Recommendation, the Court concludes that his findings are not clearly erroneous or contrary to law, and that he did not abuse his discretion.  *See Wilson*, 864 F.2d at 1221.  While Plaintiff alleges that the Social Security Administration denied her request for disability benefits, she does not allege whether that decision was final and made after a hearing.  *See* Compl.  Even if she had, Plaintiff did not allege when the Social Security Administration made its decision, which, although non-jurisdictional, is required to determine whether she filed her case within the 60-day period following the Social Security Administration's decision.  *See* 42 U.S.C. § 405(g); *Weinberger*, 422 U.S. at 763–64.

Accordingly, the Court **ACCEPTS** Judge Schydlower's "Report and Recommendation" (ECF No. 2) and **DISMISSES** Plaintiff Liliana Martinez's claims against Defendant Social Security Administration.

The Court gives Plaintiff **LEAVE TO FILE** an **AMENDED COMPLAINT** by **July 28, 2023**. The Court respectfully admonishes Plaintiff that if she does not file an amended complaint that addresses defects identified in this Memorandum Order, the Court will consider dismissing her case.[2]

**So ORDERED and SIGNED this 7th day of July 2023.**

**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**

---

[2] While not exhaustive, it would be helpful, for instance, if Plaintiff included a copy of the Social Security Administration's notice of final decision with any amended complaint she may file.