UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LILIANA MARTINEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | EP-23-CV-00171-DCG-LS |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE**

*Pro se* Plaintiff Liliana Martinez has failed to diligently prosecute this case and has disobeyed several court orders. The Court therefore **ACCEPTS** U.S. Magistrate[1] Judge Leon Schydlower's recommendation to **DISMISS** the case.[2]

## I.   BACKGROUND

On April 27, 2023, Plaintiff filed this lawsuit challenging the Social Security Administration's decision to deny her disability benefits.[3] In accordance with this Court's "Standing Order Referring Social Security Cases" to U.S. Magistrate Judges,[4] the Court automatically referred the case to Judge Schydlower.[5]

---

[1] After Judge Schydlower issued the Report and Recommendation that is the subject of this Order, the Senate confirmed his nomination to become a U.S. District Judge.

[2] *See* 2d R. & R., ECF No. 15.

[3] *See* IFP Mot., ECF No. 1; Compl., ECF No. 3, at 2.

Page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, not the document's internal pagination.

[4] *See* Standing Order Referring Social Security Cases (May 3, 2012).

[5] 4/27/23 Minute Entry.

Under 42 U.S.C. § 405(g), federal district courts may only review "*final* decision[s] of the Commissioner of Social Security made *after a hearing*."[6] Section 405(g) also requires an individual seeking judicial review of such a decision to file suit "*within sixty days* after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow."[7] Because Plaintiff's Complaint neither

(1) alleged that the decision she was challenging was a "final decision" that the Court could review under § 405(g); nor

(2) specified "whether th[at] decision followed a hearing" as § 405(g) requires; nor

(3) "allege[d] when [Plaintiff] received notice of" the decision to permit the Court to calculate whether she filed suit within § 405(g)'s 60-day window,

Judge Schydlower issued a Report and Recommendation (the "First Report and Recommendation") advising the Court to dismiss Plaintiff's Complaint with leave to amend.[8] The Clerk of Court then sent the First Report and Recommendation to the mailing address Plaintiff listed on her Complaint[9]—which, the Court emphasizes, is the only address that Plaintiff has provided the Court during the entire duration of this case.[10]

---

[6] 42 U.S.C. § 405(g) (emphases added).

[7] *Id.* (emphasis added).

[8] 1st R. & R., ECF No. 2, at 1–2.

[9] *Compare* 1st Certified Mail Receipt, ECF No. 4, *with* Compl. at 2.

[10] *See* IFP Mot. at 2; Compl. at 1–2.

A few weeks later, however, the U.S. Postal Service ("USPS") returned that mailing to the Court as "UNCLAIMED" and "UNABLE TO FORWARD."[11]  To ensure that the delivery failure didn't unjustly prejudice Plaintiff, the Court

(a) directed the Clerk to mail the First Report and Recommendation to Plaintiff a second time; and

(b) *sua sponte* extended Plaintiff's deadline to file objections to it.[12]

The second time proved to be the charm.  Plaintiff successfully received the remailed First Report and Recommendation on June 3, 2023,[13] making June 20, 2023 her extended objection deadline under the Court's Order.[14]

The extended deadline nevertheless came and went without Plaintiff filing an objection.[15]  The Court therefore reviewed the First Report and Recommendation solely "for clear error, an abuse of discretion, or conclusions that [were] contrary to law."[16]  Finding none, the Court accepted the First Report and Recommendation and dismissed Plaintiff's claims—albeit with leave to amend.[17]  The Court ordered Plaintiff to file an amended complaint by July 28, 2023 that remedied the pleading defects that Judge Schydlower had identified.[18]  The Court also warned

---

[11] *See* 1st Returned Envelope, ECF No. 7.

[12] Order Extending Time, ECF No. 5, at 1–2.

[13] *See* 1st Signed Certified Mail Receipt, ECF No. 8.

[14] *See* Order Accepting 1st R. & R., ECF No. 9, at 2 & n.1 (explaining how the Court calculated that deadline).

[15] *Id.* at 2.

[16] *See id.* (first citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); then citing *Morales v. Carrillo*, 625 F. Supp. 3d 587, 595 (W.D. Tex. 2022)).

[17] *See id.* at 3–4.

[18] *See id.* at 4.

Plaintiff that if she didn't file an amended pleading by that date, the Court would consider dismissing her case.[19]

The Court mailed that Order to the same address where Plaintiff had successfully received the First Report and Recommendation.[20]  For the second time, though, USPS returned the envelope to the courthouse as "UNCLAIMED" and "UNABLE TO FORWARD."[21]  July 28, 2023 therefore came and went without Plaintiff filing an amended complaint as ordered.[22]

Judge Schydlower nevertheless gave Plaintiff one last chance to cure the pleading defects in her Complaint.[23]  He issued another Order on August 1, 2023 commanding Plaintiff to file an amended complaint by August 22, 2023, and warned her one final time that if she didn't comply, the Court would consider dismissing the case.[24]  The Clerk once again mailed Judge Schydlower's Order to the only address Plaintiff has ever given the Court.[25]  And once again, USPS returned the Order to the courthouse as "UNCLAIMED" and "UNABLE TO FORWARD."[26]  Consequently, August 22, 2023 likewise came and went without Plaintiff amending her pleadings.[27]

---

[19] *Id.*

[20] *Compare* 2d Certified Mail Receipt, ECF No. 10, *with* 1st Signed Certified Mail Receipt.

[21] *See* 2d Returned Envelope, ECF No. 11.

[22] *See* Final Order Amend, ECF No. 12, at 1.

[23] *See id.* at 2.

[24] *Id.*

[25] *Compare* 3d Certified Mail Receipt, ECF No. 13, *with* 1st Signed Certified Mail Receipt.

[26] *See* 3d Returned Envelope, ECF No. 14.

[27] *See* 2d R. & R. at 1.

Thus, on October 2, 2023, Judge Schydlower issued another Report and Recommendation (the "Second Report and Recommendation") advising the Court to dismiss this case for want of prosecution.[28]  The Clerk mailed the Second Report and Recommendation to the same address as before.[29]  Unexpectedly, however, Plaintiff actually received that mailing this time around (as the signed Certified Mail Receipt dated October 7, 2023 reflects).[30]  Plaintiff thereby received not just *constructive* notice, but *actual* notice, that her lawsuit was at risk of dismissal if she didn't timely object to the Second Report and Recommendation (or take some other action in this case).[31]

Plaintiff had roughly two weeks from the date she received the Second Report and Recommendation to object to it,[32] yet she didn't file an objection by the deadline.  Nor has she taken any action in this case since then.  In fact, Plaintiff hasn't taken any action *at all* in this case since she filed it on April 27, 2023.[33]

---

[28] *Id.* at 2.

[29] *Compare* 4th Certified Mail Receipt, ECF No. 16, *with* 1st Signed Certified Mail Receipt.

[30] *See* 2d Signed Certified Mail Receipt, ECF No. 17.

[31] *See* 2d R. & R. at 2.

[32] Ordinarily, a party has 14 days from service to object to a Magistrate Judge's report and recommendation.  *See* 28 U.S.C. § 636(b)(1); W.D. TEX. L.R. APP'X C, RULE 4(b); *see also* 2d R. & R. at 2 (alerting Plaintiff to the 14-day deadline and the consequences for missing it).

However, Federal Rule of Civil Procedure 6(d)—which extends certain deadlines when a litigant is served with a document by mail—may have extended Plaintiff's deadline to object to the Second Report and Recommendation.  *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a).").

The Court needn't decide that issue.  Either way, Plaintiff's deadline to object to the Second Report and Recommendation expired months ago.

[33] *See* IFP Mot.

## II.     DISCUSSION

A.     **Standard of Review**

Because Plaintiff didn't object to the Second Report and Recommendation, the Court will not review it *de novo*.  Instead, the Court will review the Second Report and Recommendation solely to determine whether it's clearly erroneous or contrary to law.[34]

B.     **Plaintiff Has Failed to Diligently Prosecute This Case**

It is neither.  Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss a case "[i]f the plaintiff fails to prosecute" her case or fails "to comply with . . . a court order."[35]  Both of those grounds for dismissal are present here.  First, Plaintiff hasn't taken any action in this

---

[34] *See, e.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court is not required to perform a *de novo* review of the Magistrate Judge's determination, but need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

[35] FED. R. CIV. P. 41(b).

*See also, e.g.*, *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.").

The Court needn't consider whether Plaintiff's failure to provide the Court a more reliable mailing address provides additional grounds to dismiss this case.  *But see* W.D. TEX. L.R. CV-10(d) ("An unrepresented party . . . must promptly file a notice of any change in the party's . . . mailing address . . . . The court may sanction a party for the party's . . . failure to do so, including dismissal of the party's claims . . . .").

case whatsoever since she filed it last year.[36]  Second, Plaintiff has failed to comply with multiple court orders:

> (1)　the Court's July 7, 2023 Order commanding Plaintiff to amend her complaint by July 28, 2023;[37] and
>
> (2)　Judge Schydlower's August 1, 2023 Order commanding Plaintiff to amend her complaint by August 22, 2023.[38]

It's therefore appropriate to dismiss this case under Rule 41(b) as Judge Schydlower recommends.[39]

**C.　Dismissal With Prejudice is Warranted**

The Second Report and Recommendation doesn't specify, however, whether the Court should dismiss this case *with* prejudice or *without*.[40]  By default, a dismissal under Rule 41(b) is with prejudice, which means that the dismissal order bars the plaintiff from refiling the same case in the future.[41]  Under Fifth Circuit precedent, however, a dismissal with prejudice under Rule 41(b) is warranted only where:

---

[36] *Cf., e.g.*, *White v. Lincoln Life Assurance Co. Bos.*, No. 21-634, 2023 WL 9226935, at *2 (M.D. La.) (recommending dismissal for want of prosecution where plaintiff "failed to take any action to further th[e] case in over a year"), *report and recommendation accepted by* 2023 WL 9226933 (M.D. La. Dec. 1, 2023).

[37] *See* Order Accepting 1st R. & R. at 4.

[38] *See* Final Order Amend at 2.

[39] *See, e.g.*, *Dorise-Clay v. EEOC*, No. 4:22-cv-00659, 2022 WL 16726207, at *1 (N.D. Tex.) (recommending dismissal of case where plaintiff disobeyed "two orders to file a[n] . . . [a]mended [c]omplaint"), *report and recommendation accepted by* 2022 WL 16720227 (N.D. Tex. Nov. 3, 2022).

[40] *See* 2d R. & R. at 1–2.

[41] *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subsection (b) . . . operates as an adjudication on the merits."); *see also, e.g.*, *Love v. Hunt*, 96 F.3d 1445, 1996 WL 512230, at *1 (5th Cir. 1996) ("Unless otherwise specified in the order of dismissal, a dismissal under Rule 41(b) operates as . . . a dismissal with prejudice.").

    (a)    "there is a clear record of delay or contumacious conduct by the plaintiff;" and

    (b)    "the district court has expressly determined that lesser sanctions would not prompt more diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."[42]

Moreover, dismissal with prejudice is usually unwarranted unless "at least one of three aggravating factors" are present:

    (i)    "delay caused by the plaintiff h[er]self and not h[er] attorney;"

    (ii)    "actual prejudice to the defendant;" or

    (iii)    "delay caused by intentional conduct."[43]

For the following reasons, however, this case satisfies those prerequisites for a dismissal with prejudice.

### 1. There's Been a Clear Record of Delay

First, there's a "clear record of delay" here.[44] "To warrant dismissal, [the court] must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'"[45] As noted, Plaintiff hasn't done anything at all in this case since she filed it nearly a year ago. Therefore, the delays in this case aren't mere gaps of a

---

[42] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

[43] *Id.* But see *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) ("We disagree with Appellant's contention that, to affirm a dismissal with prejudice, an aggravating factor must be present . . . . We have stated that aggravating factors must *usually* be found; we have not said they must *always* be found." (cleaned up) (emphases added)).

[44] The Court therefore needn't consider whether Plaintiff engaged in "contumacious conduct." *See Berry*, 975 F.2d at 1191.

[45] *E.g.*, *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326–27 (5th Cir. 2008)).

few months; they're instead "significant periods of total inactivity" that warrant dismissing this case with prejudice.[46]

### 2. Lesser Sanctions Wouldn't Prompt More Diligent Prosecution

The Court expressly finds that lesser sanctions wouldn't have prompted Plaintiff to prosecute this case more diligently.[47]  For example, "assessments of fines, costs, or damages" wouldn't have spurred Plaintiff to comply;[48] Plaintiff is pursuing this case *in forma pauperis*,[49] and would thus be unable to satisfy any such monetary assessment.[50]  The Court can't impose "[a]ttorney disciplinary measures" here either, as Plaintiff's pursuing this case *pro se*.[51]

Although a dismissal *without* prejudice is generally less severe than a dismissal *with* prejudice,[52] that lesser sanction may not even be available here.  As the Fifth Circuit has recognized, if a statute of limitations would bar a plaintiff from refiling a case that has been dismissed *without* prejudice, then that dismissal is, for all practical purposes, tantamount to a dismissal *with* prejudice.[53]  Plaintiff's Complaint doesn't specify the dates of the administrative

---

[46] *Cf., e.g.*, *id.* ("Even reviewing Thrasher's claim under the heightened standard required of a dismissal with prejudice, the record indicates clear delay.  Thrasher did not perfect service on Defendants for almost ten months after filing his complaint.  In this approximately ten-month delay, there were prolonged periods of inactivity.").

[47] *See, e.g.*, *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982) (listing several "less severe sanctions" that courts may consider before dismissing a case with prejudice under Rule 41(b)).

[48] *See Thrasher*, 709 F.3d at 514 (quoting *Rogers*, 669 F.2d at 321–22).

[49] *See* 5/5/2023 Text Order (granting Plaintiff's motion to proceed *in forma pauperis*).

[50] *See Thrasher*, 709 F.3d at 514 ("At one point, Thrasher was proceeding *in forma pauperis*, thus any monetary sanctions would have been fruitless.").

[51] *See Rogers*, 669 F.2d at 321.

[52] *See id.*

[53] *See, e.g.*, *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) ("When a dismissal is *without* prejudice but 'the applicable statute of limitations probably bars future litigation, our

actions she's challenging,[54] so it's impossible to assess whether her claims will be time-barred once the Court dismisses this case—and, thus, impossible to determine whether dismissing the case *without* prejudice would in fact be a "less severe sanction."

Finally, the Court *did* employ "lesser sanctions," but they "proved to be futile."[55] The Court previously gave Plaintiff several "warning[s] of dismissal," yet those warnings "did not influence" Plaintiff to take any action in this case whatsoever.[56] Dismissing this case with prejudice is therefore the most appropriate course of action.

### 3. An Aggravating Factor is Present

Finally, one of the three aggravating factors is present here: "delay caused by the plaintiff h[er]self and not h[er] attorney."[57] Plaintiff filed this case *pro se*, so dismissing this case with prejudice wouldn't punish an innocent party for an attorney's inaction; the delays in this case are solely attributable to Plaintiff herself.[58]

---

examination is searching, and we review the dismissal as we would a dismissal *with* prejudice.'" (emphases added) (quoting *Nottingham v. Warden*, 837 F.3d 438, 441 (5th Cir. 2016))).

[54] *See* Compl. at 2.

[55] *See Berry*, 975 F.2d at 1191.

[56] *See Thrasher*, 709 F.3d at 514.

*See also* Order Accepting 1st R. & R. at 4 ("The Court respectfully admonishes Plaintiff that if she does not file an amended complaint that addresses [the] defects identified in this Memorandum Order, the Court will consider dismissing her case."); Final Order Amend at 2 ("Before dismissing Plaintiff's case, . . . the Court will provide her with another opportunity to file an amended complaint that addresses the issues identified in the [First] Report and Recommendation . . . . Accordingly, the Court orders Plaintiff Liliana Martinez to amend her complaint by August 22, 2023. If Plaintiff does not comply with this Order, the Court will consider dismissing her case." (citations and emphases omitted)).

[57] *See Berry*, 975 F.2d at 1191 (quoting *McGlathery*, 792 F.2d at 474).

[58] *Cf., e.g.*, *Thrasher*, 709 F.3d at 514 (aggravating factor supported dismissal with prejudice because plaintiff "was representing himself," and his "failure to effect timely service" thus could not "be attributed to [an] attorney's inaction").

### III. CONCLUSION

The Court therefore **ACCEPTS** the "Report and Recommendation of the Magistrate Judge" (ECF No. 15) and **DISMISSES** this case **WITH PREJUDICE**.

The Court shall separately issue a final judgment closing the case.

The Clerk of Court shall **MAIL** this Order to:

Liliana Martinez
9712 Thygerson Ln.
El Paso, TX 79927

**So ORDERED and SIGNED this 26th day of March 2024.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**